UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA TRUST,<br><br>      Plaintiff,<br><br>      v.<br><br>ROBERT CONRAD WONG, et al.,<br><br>      Defendants. | Case No. 15-cv-01675-EDL<br><br>**REPORT AND RECOMMENDATION RE: REMAND; ORDER REASSIGNING CASE**<br><br>Re: Dkt. Nos. 15-CV-01675-EDL |

On April 13, 2015, Robert Conrad Wong filed a Notice of Removal of an unlawful detainer case filed by plaintiff Christina Trust against defendants Conrad Wong and Angela Wang in Marin County Superior Court on January 13, 2015. Only Wong, however, seeks removal.

As the parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court recommends remanding this matter to state court.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v.

Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Defendant Wong fails to meet the requirement under 28 U.S.C. § 1446(b)(2)(A) that all defendants must join in a notice of removal. Although he states in his Notice of Removal that "by his signature on this Notice, all Defendants who have been served consent and concur to this removal notice," there is no direct indication that the other defendant in this action, Angela Wang, actually joins in the Notice of Removal. Remand, therefore, is appropriate on the ground that all defendants have not joined in the Notice of Removal.

Wong also bases his notice of removal on diversity jurisdiction, which is lacking here. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." The complaint does not allege that Plaintiff is not located in California, and Wong is clearly a resident of California. In his Notice of Removal, Wong acknowledges that Plaintiff "is a corporation doing business in California." Therefore, the parties are not diverse. Further, the face of the complaint, which states that the amount demanded in this case does not exceed $10,000, shows that the jurisdictional minimum has not been met. Because the case is not removable as a diversity action, remand is also appropriate on this ground.

To the extent that removal is based on federal question jurisdiction, none exists. When a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. However, a case may be removed pursuant to 28 U.S.C. § 1441 only when a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, the face of the complaint asserts only one state law claim for unlawful detainer. Because the complaint does not provide any basis for removal, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court recommends remanding this case to the Marin County Superior Court. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: April 20, 2015

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge